### Ex parte Howard E. WILLIAMS.
### No. 15589.

Court of Civil Appeals of Texas.
Houston (1st Dist.).
Oct. 23, 1969.

 "has been duly cited and was present in Court at these proceedings, * * *."

The judgment having made these recitals, we are bound by them. The judgment is regular and valid on its face. An attack on a judgment by habeas corpus is a collateral attack. In such case we may not disturb it unless it is void on its face.

If there are the deficiencies alleged, they must be established in a direct proceeding in the trial court.

Writ denied.

C. C. Divine, Houston, for relator.

No brief filed for appellee.

## ORIGINAL HABEAS CORPUS PROCEEDING

BELL, Chief Justice.

Relator is held in the Harris County jail by virtue of his arrest under a commitment issued by the District Clerk of Harris County. The commitment was issued pursuant to a judgment and order dated May 22, 1969 rendered and entered by the Domestic Relations Court of Harris County. The judgment finds Relator guilty of contempt for failure to pay child support theretofore ordered and ordered he be confined until he paid $750.00. The arrest was made October 16, 1969.

By his petition for a writ of habeas corpus Relator attacks the validity of the judgment finding him guilty of contempt by asserting there was no motion for contempt filed against him; that he was never served with notice; had no notice; and made no appearance at the hearing in person or by an attorney.

Accompanying the petition is a copy of the court's judgment. The judgment recites, "came on to be heard a Motion for Contempt." It further recites that Relator